## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| MARY DOE, as next friend of minor plaintiff, JANE DOE,<br><br>       *Plaintiff*,<br><br>v.<br><br>ROBLOX CORPORATION; DISCORD INC.; and DOES 1-50,<br><br>       *Defendants*. | No. 4:25-cv-04693 |

## JOINT MOTION TO STAY PROCEEDINGS

Plaintiff Mary Doe, as next friend of minor plaintiff, Jane Doe, and Defendant Roblox Corporation submit this joint motion requesting that the Court stay this action pending resolution by the Judicial Panel on Multidistrict Litigation ("JPML") of a motion to transfer and consolidate 31 cases against Roblox Corporation.

## BACKGROUND

On October 1, 2025, Plaintiff filed a Complaint against Defendants Roblox Corporation, Discord Inc., and Does 1–50 (collectively, "Defendants"). ECF No. 1. On September 18, 2025, a motion to transfer and consolidate 31 actions against Roblox, was filed with the JPML by the plaintiff in *Doe v. Roblox Corp., et al.*, No. 25-cv-05753-JSC (N.D. Cal.). Those 31 actions are currently pending in 12 judicial districts before approximately 25 different judges. On October 15, 2025, Plaintiff filed a Notice of Potential Related Action before the JPML, informing the panel of this action. The JPML motion is expected to be argued on December 4, 2025, and decided soon thereafter. To conserve judicial resources, the plaintiffs and defendants in those 31 actions—and

additional tag-along actions, like this one—are in the process of seeking stays of those cases pending resolution of the JPML motion.

## **REQUEST FOR STAY**

The parties respectfully submit that the Court should stay proceedings in this case pending resolution of the JPML motion. While a pending transfer motion before the JPML does not deprive the Court of jurisdiction over pretrial matters in this case, the Court may stay this case pending resolution of the JPML motion under its "inherent power to stay proceedings." *Cajun Offshore Charters, LLC v. BP, PLC*, No. 10-cv-1341, 2010 U.S. Dist. LEXIS 111742, at *5 (E.D. La. 2010). In deciding whether to issue such a stay, courts generally consider "(1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Esquivel v. BP Co. N. Am.*, No. B-10-236, 2010 U.S. Dist. LEXIS 110015, at *9 (S.D. Tex. Oct. 14, 2010) (citation and internal quotation marks omitted). "Motions for stay pending the resolution of a motion to consolidate before the JPML are frequently granted." *Id.*

The relevant factors favor a stay in this case. First, because the parties jointly request the stay, "there is no suggestion that a stay would prejudice either party." *Nelson v. Bayer Healthcare Pharms., Inc.*, No. 15-cv-00172, 2015 U.S. Dist. LEXIS 115249, at *3 (N.D. Ind. Aug. 31, 2015). A decision on the JPML motion "is expected shortly, and thus, the stay will not excessively delay this matter." *Id.*; *see also AIG Prop. Cas. Co. v. 3M Co.*, No. 24-cv-4032, 2024 U.S. Dist. LEXIS 228460, at *6 (D. Minn. Dec. 18, 2024) (finding no prejudice would result "from a stay of a few weeks or even months"). Moreover, the parties agree that a stay in no way waives or alters Defendants' right to move to compel arbitration, to move to dismiss the Complaint, or to oppose the JPML motion or any other motion field before the JPML on any basis.

Second, judicial resources would be conserved by staying this case pending the resolution of the JPML motion. For example, if this case is transferred to another court and consolidated with the other cases, "this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). In short, "there is a great deal of this Court's time and energy that could be saved by staying the instant case pending the MDL Panel decision." *Id.*

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff Mary Doe, as next friend of minor plaintiff, Jane Doe, and Defendant Roblox respectfully request that the Court stay all proceedings in this case pending the resolution of the JPML motion.

Dated: November 13, 2025                    Respectfully submitted,

**COOPER MASTERMAN**

/s/ *Reed C. Dempsey*
P. Davis Cooper*
Joseph O. Masterman* Attorney in Charge
Reed C. Dempsey*
1717 Pennsylvania Avenue NW, Suite 1025
Washington, DC 20006
Telephone: (202) 866-0171
davis@coopermasterman.com
joe@coopermasterman.com
reed@coopermasterman.com

*Admitted *pro hac vice*

**EILAND & BONNIN, PC**

David C. Bonnin SDTX Fed No. 1759438
Patrick Gurski SDTX Fed No. 2646947
2200 Market Street, Suite 501
Galveston, TX 77550
(409) 763-3260
(713) 513-5211 (e-fax)
dbonnin@eilandlaw.com

3

pgurski@eilandlaw.com

A. Craig Eiland SDTX Fed. No. 9076
1220 Colorado Street, Suite 300
Austin, TX 78701
(512) 482-3260
(512) 482-3261 (e-fax)
ceiland@eilandlaw.com

*Counsel for Plaintiff*

Dated: November 13, 2025          COOLEY LLP

By:   /s/     Tiana  Demas

Tiana Demas, Attorney in Charge
(*Pro Hac Vice* forthcoming)
110 N. Wacker Dr., Suite 4200
Chicago, IL 60606
Telephone:  (312) 881-6500
tdemas@cooley.com

Max A Bernstein, (*Pro Hac Vice* forthcoming)
Ryan C. Stevens,
(*Pro Hac Vice*
forthcoming )
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111
Telephone:  (415) 693-2000
mbernstein@cooley.com
rstevens@cooley.com


BECK REDDEN LLP

Fields Alexander
State Bar No. 00783528
Federal Bar No. 16427
falexander@beckredden.com
Maryam Ghaffar
State Bar No. 24120847
Federal Bar No. 3710605
mghaffar@beckredden.com
1221 McKinney, Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720

Attorneys for Defendant
ROBLOX
CORPORATION

## CERTIFICATE OF SERVICE

I certify that on November 13, 2025, I presented the foregoing document to the Clerk of Court for filing and uploading to the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Reed C. Dempsey*

## CERTIFICATE OF CONFERENCE

I certify that I contacted counsel for Defendants Roblox and Discord, Inc. on October 28, 2025, regarding their clients' positions on the foregoing motion to stay. On November 3, 2025, I conferred with counsel for Discord, who indicated that Discord does not oppose the motion. On November 12, following ongoing discussions between counsel for Roblox and the undersigned, counsel for Roblox indicated that Roblox would join the motion to stay.

/s/ *Reed C. Dempsey*